# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class WILLIAM C. LYNCH**
**United States Army, Appellant**

ARMY 20110601

Headquarters, Fort Bragg
Karin G. Tackaberry and Tara A. Osborn, Military Judges
Colonel Stephen J. Berg, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Peter Kageleiry, Jr., JA; Colonel Edye U. Moran, JA (on brief).

For Appellee:  Major Katherine S. Gowel, JA (on brief).

27 July 2012

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of failure to obey a lawful general order, false official statement, wrongful use of heroin, wrongful use of oxycodone (Percocet), a Schedule II controlled substance, wrongful distribution of heroin, larceny, and wrongful appropriation, in violation of Articles 92, 107, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 912a, and 921 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, fifteen months confinement, and reduction to Private E1.  The convening authority reduced the sentence to confinement to 359 days and approved the remainder of the adjudged sentence.  Appellant was credited with a total of ninety days of credit for pretrial confinement, restriction tantamount to confinement, and illegal pretrial punishment against the sentence to confinement.

This case is before the court for review under Article 66, UCMJ.  Appellant's defense appellate counsel submitted the case for our review on its merits and

appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have considered the record of trial and the matters submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

We conclude that, in the context of the entire colloquy, appellant failed to admit facts sufficient to establish that he stole a total amount of about $700.00; rather, we find appellant admitted sufficient facts to establish that he stole a total amount of about $300.00. Therefore, we find a substantial basis in fact to modify the finding of guilty to that offense. *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

On consideration of the entire record and the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the court affirms only so much of the finding of guilty of Specification 1 of Charge V as finds that the appellant, on divers occasions, between on or about 9 June 2010 and on or about 13 June 2010, did, at or near Bagram Airfield, Afghanistan, steal currency, of a value of $500.00 or less, with a total value of about $300.00, the property of Private First Class Z.P.B, in violation of Article 121, UCMJ. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2